UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

William James Mathew Wallace II,

  Plaintiff,

  v.

Department of Corrections of Washington,

  Defendant.

CASE NO. 3:19-cv-05330-RJB-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff William James Mathew Wallace II, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was denied adequate medical treatment for his leg and access to accommodations under the Americans with Disabilities Act ("ADA"). However, plaintiff has failed to name a proper defendant with respect to his § 1983 claims and has failed to state a claim under the ADA. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendant violated his constitutional rights. However, the Court provides

plaintiff leave to file an amended pleading by June 20, 2019, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is currently housed at the Los Angeles County Men's Central Jail, alleges that while housed at Washington Department of Corrections ("DOC") facilities, he received no medical treatment or accommodations for his leg. Dkt. 11 at 5. Plaintiff was initially housed at Washington Corrections Center ("WCC") and then transferred to Airway Heights Corrections Center ("AHCC"). *See* Dkt. 11.

Plaintiff alleges that he broke his leg in 2017, and before surgery could be completed, he was arrested and housed at the Pierce County Jail. Dkt. 11 at 4. Plaintiff alleges that non-party Naphcare, the medical provider at Pierce County Jail, was negligent, and declared his leg was no longer broken. *Id.* Plaintiff alleges non-party Naphcare ignored his requests for treatment. *Id.*

Plaintiff alleges that he entered DOC custody on February 17, 2018 and was approved for leg surgery on April 23, 2018. *Id.* at 5. Plaintiff alleges that defendant DOC purposely delayed treatment because he was near his release date. *Id.* at 5, 12. Plaintiff alleges that he has severe pain and limited mobility. *Id.* at 12. Plaintiff alleges that he will never be able to walk normally again or be without pain due to the delay in treatment. *Id.*

With respect to his accommodations, plaintiff alleges that he did not have access to handicapped showers for five months. Dkt. 11 at 5. Plaintiff alleges that he had to purchase his own wheelchair because defendant DOC did not provide him with one. *Id.* Plaintiff alleges that he was housed in an upper bunk and a top tier, which caused him pain. *Id.* at 7.

Plaintiff seeks $1 million in damages.

# DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

## I. Section 1983 Claims

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff names the DOC as the only defendant. Dkt. 11. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence that the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under § 1983.

1       The Court notes that plaintiff's complaint alleges that he was seen and treated by various nurses and physicians. Dkt. 11. However, plaintiff has failed to name these individuals as defendants. If plaintiff wishes to pursue claims against these individuals, or some other individual acting under color of state law, then he must name them as defendants in his amended complaint and allege facts sufficient to meet the required elements of a claim under the Eighth Amendment. *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc) (An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need.").

**II.    ADA Violations**

      Plaintiff alleges that he was denied an ADA compliant shower and cell. Dkt. 11.

      The ADA applies to prisons and jails and prohibits discrimination against disabled or handicapped persons. *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Pierce v. County of Orange*, 526 F.3d 1190, 1214 (9th Cir. 2008). The ADA provides a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

      "To state a claim of disability discrimination under Title II [of the ADA], the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated

against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002).

The term "disability" under the ADA means, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

In order to recover money damages under Title II, a plaintiff must prove that he was discriminated against intentionally and the Ninth Circuit uses the "deliberate indifference standard." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138–39 (9th Cir. 2001). To prove intentional discrimination, plaintiff must show: 1) that a public entity had knowledge that a violation of his rights under the ADA was substantially likely to occur; and 2) at a minimum, the public entity failed to act. *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002).

Here, plaintiff fails to allege facts showing defendant discriminated against him *on the basis of* his alleged disability. "The ADA prohibits discrimination *because of* disability, not inadequate treatment for disability." *Simmons v. Navajo Cty,* 609 F.3d 1011, 1022 (9th Cir. 2010) (emphasis added) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.... The ADA does not create a remedy for medical malpractice.")). Thus, plaintiff has failed to state a claim under Title II of the ADA.

If plaintiff elects to file an amended pleading re-alleging his ADA claims, he must include facts supporting each element discussed above.

### III. Joinder of Claims and Instructions to Plaintiff

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, plaintiff did not file any short and plain statement of a claim. Instead, plaintiff filed multiple documents, including 124 pages of grievances and a 95-page letter. *See* Dkts. 11, 12, 13. While these documents may serve as evidentiary exhibits in support of plaintiff's complaint, they are not a substitute for the complaint itself. Moreover, plaintiff's complaint includes a lengthy history of his medical treatment while housed at various jails and correctional facilities. *See id.* Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), plaintiff is ordered to file an amended complaint, which complies with Federal Rules of Civil Procedure and this Order.

In the amended complaint, plaintiff should allege only the constitutional violations arising from a single transaction or occurrence. Unrelated claims against different defendants must be pursued in multiple lawsuits. Pursuant to Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has against an opposing party." However, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim,

multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Thus, multiple claims against a *single* party are fine, but claim A against defendant 1 should not be joined with unrelated claim B against defendant 2. Here, although plaintiff has named a single defendant, the DOC, the DOC is not a "person" acting under color of state law. Thus, plaintiff must identify individuals as defendants who personally participated in the alleged constitutional violations. For example, if plaintiff is alleging deliberate indifference to a serious medical need and ADA violations while he was housed at AHCC, he should allege this claim against individual defendants in one complaint. Plaintiff shall file additional lawsuits, if he so chooses, regarding each of the remaining transactions or occurrences that resulted in constitutional violations, *e.g.* allegations of deliberate indifference to a serious medical need and ADA violations against individual defendants arising from events at WCC should be filed in a separate lawsuit.

The Court also takes judicial notice of plaintiff's other pending lawsuits alleging deliberate indifference to a serious medical need. *See Wallace v. Pierce County Jail Sheriff's Department et al.,* Case No. 19-cv-05329-RBL-DWC, *Wallace v. Washington County Jail and Naphcare Medical,* Case No. 18-cv-01975-SI. Because plaintiff has filed separate lawsuits related to his claims that arose while housed at the Pierce County Jail and Washington County Jail, *see id.*, he does not need to include his allegations related to those claims in the amended complaint.

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). In addition, if plaintiff wishes to pursue a claim pursuant to Title II of the ADA, plaintiff must allege facts demonstrating intentional discrimination and how defendant acted with deliberate indifference, which requires both knowledge a harm is likely and a failure to act upon such a likelihood. *See Duvall,* 260 F.3d at 1138.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint shall not exceed twenty (20) pages absent leave of Court and upon a showing of good cause. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 20, 2019, the Court will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

**IV.     Instructions to the Clerk**

The Court directs the Clerk to provide plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and provide plaintiff with copies of this Order and Pro Se Instruction Sheet.

Dated this 20th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge