# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

William James Mathew Wallace II,

          Plaintiff,

  v.

Department of Corrections of Washington et al.,

          Defendants.

CASE NO. 3:19-cv-05330-RJB-JRC

ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. Before the Court are several motions filed by plaintiff: (1) motion requesting copies of all documents related to this case ("motion for copies") (Dkt. 20) and (2) motion to consolidate and add exhibit to complaint ("motion to consolidate") (Dkt. 22); (3) motion to appoint counsel (Dkt. 33); and (4) motion for extension of time to respond to future court orders due to Los Angeles County Sheriff's Department tampering with mail ("motion for extension"). Plaintiff also requests a status update. Dkts. 22, 32, 35.

The Court denies plaintiff's motion for copies (Dkt. 20) and his renewed request for copies in his motion to consolidate (Dkt. 22). The Court grants plaintiff's request for a status update (Dkts. 22, 32). The Court denies plaintiff's duplicative motion to consolidate as moot (Dkt. 22). The Court denies plaintiff's motion to appoint counsel (Dkt. 33) without prejudice. The Court denies plaintiff's motion for extension (Dkt. 35) without prejudice.

**I.     Motion for Copies (Dkts. 20, 22)**

On June 10, 2019, Plaintiff filed a motion for copies, wherein he requests copies of all documents related to this case. Dkt. 20. Plaintiff states that he has been moved from the Washington Department of Corrections ("DOC") and placed in the custody of the Los Angeles County Sheriff's Department. Dkt. 20. Plaintiff alleges that he is no longer in possession of his legal documents relating to this case. Dkt. 20. In the motion to consolidate, plaintiff renewed his request for copies. Dkt. 22.

To receive copies from the Court, the requesting party must pay $0.50 per page. As plaintiff has not provided the necessary payment, his motion for copies (Dkt. 20) is denied. The Court also denies plaintiff's renewed request for copies in his motion to consolidate (Dkt. 22). The Clerk's Office is directed to send plaintiff copies of the Court's fee schedule and the copying charge letter.

**II.     Request for Status Update (Dkts. 22, 32, 35)**

Plaintiff requests a status update on his pending case. Dkts. 22, 32, 35. Plaintiff's request is granted. The Clerk is directed to provide plaintiff with a copy of the docket sheet in the instant action, which will include any pending motions.

### III. Motion to Consolidate (Dkt. 22)

Plaintiff is proceeding *pro se* and *in forma pauperis* in two separate civil actions in this district, both filed pursuant to 42 U.S.C. § 1983 and alleging violations of his civil rights. *See Wallace v. Pierce County Sheriff's Department*, et al., Case No. 3:19-cv-5329-RBL-DWC ("*Wallace I*"); *Wallace v. Longano et. al,* Case No. 3:19-cv-05330-RJB-JRC ("*Wallace II*"). Plaintiff requests that every document he has provided to the Court be shared between his two pending cases, *Wallace I* and *Wallace II*. Dkt. 22. The Court interprets this request as a motion to consolidate this action with a separate action filed by plaintiff. *See* Dkt. 22; *See also Wallace II.*

Pursuant to Local Rule 42, if a party seeks to have its case consolidated with one or more pending cases in this district, a motion to consolidate should be filed in the earliest filed case, with a notice of the motion filed in the later filed case. Magistrate Judge David W. Christel denied plaintiff's motion to consolidate in *Wallace I,* the earliest filed case. *See* Dkt. 23 (Notice of order denying motion to consolidate in Case No. 3:19-cv-05329- RBL-DWC); *See also* Case No. 3:19-cv-05329- RBL-DWC at Dkt. 24. Because plaintiff's motion to consolidate has been denied in the earliest filed case, the undersigned denies the duplicative motion to consolidate (Dkt. 22) filed in this case as moot.

### IV. Motion to Appoint Counsel (Dkt. 33)

Plaintiff moves for the court to "reconsider" the appointment of counsel. Dkt. 33. However, this is the first motion for appointment of counsel filed in this case, therefore, the Court interprets this as a motion to appoint counsel, not as a motion for reconsideration. *See* Dkt.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353

(9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff alleges that his case has merit, it is complex, and that he lacks knowledge of the law. Dkt. 33. Plaintiff also alleges that he has been transferred from custody of the Department of Corrections to the Los Angeles County Jail, and does not have access to his medical records, daily journal, grievances, legal paperwork, and letters from advocate organizations. Dkt. 33 at 2. Plaintiff states that he has been communicating with an attorney, but he is unable to pay for the retainer fee. Dkt. 33 at 2.

Here, plaintiff has not shown that he is likely to succeed on the merits of his case or shown an inability to articulate his claims in a fashion that is understandable to the Court. For example, plaintiff has clearly articulated his claims in two complaints and in various motions. *See* Dkts. 11, 15, 19, 20, 22, 32. In addition, this is not a complex case nor do plaintiff's § 1983 claims entitle him to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for

development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331. The Court also notes "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

Thus, Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Plaintiff's motion to appoint counsel (Dkt. 33) is therefore denied without prejudice.

**V. Separate Eighth Amendment, Deprivation of Property, and Access to the Courts Claims (Dkts. 20, 22, 33, 35)**

In the motion for copies (Dkt. 20), motion to consolidate (Dkt. 22), motion to appoint counsel (Dkt. 33), and motion for extension (Dkt. 35) plaintiff alleges that the Los Angeles County Jail has denied him access to the law library. Dkts. 20, 22, 33, 35. In the motion for copies, plaintiff attaches copies of grievances he has submitted to the Los Angeles County Jail and alleges the jail has failed to provide medical treatment. Dkt. 20. In the motion to appoint counsel, plaintiff alleges that since his transfer to the Los Angeles County Jail, he is missing some of his property and legal documents. Dkt. 33. In the motion for extension, plaintiff complains he is not receiving his legal mail in a timely manner and he missed a deadline in a separate § 1983 case. Dkt. 35.

It appears that plaintiff attempts to raise new, separate, Eighth Amendment, deprivation of property, and/or access to the courts claims. Plaintiff is advised that if he seeks to raise claims which occurred after he filed this case, he must file a separate cause of action. An amended complaint may not change the nature of a suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints); *see also* Fed. R. Civ. P.

20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The Clerk's Office is directed to send plaintiff a copy of the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.

### VI. Motion for Extension (Dkt. 35)

Plaintiff seeks an extension to respond to future motions due to problems he is experiencing with receiving his legal mail. Dkt. 35. The Court concludes that an open-ended extension to respond to future motions is not reasonable, and therefore, plaintiff's request is denied without prejudice. If defendants file a motion and plaintiff needs more time to file his response, he may file a motion for extension at such a time.

### VII. Instructions to the Clerk

The Court directs the Clerk to provide plaintiff with copies of: this Order, the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, the Pro Se Instruction Sheet, the Court's fee schedule, copying charge letter, and the docket sheet in the instant action.

Dated this 23rd day of July, 2019.

J. Richard Creatura
United States Magistrate Judge