UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

William James Mathew Wallace II,

Plaintiff,

v.

Department of Corrections, et al.,

Defendants.

CASE NO. 3:19-CV-05330-RJB-JRC

ORDER

Before is plaintiff's motion to appoint expert witness. Dkt. 37. Because a medical expert is not necessary at this stage of litigation, the Court denies plaintiff's motion without prejudice. The Court also directs defendants to file (under seal) the last known business or residential address for defendant Wentworth, who has not yet returned a waiver of service, on or before September 15, 2019.

**A. Motion to Appoint Expert Witness (Dkt. 37)**

Plaintiff requests that the Court appoint his treating orthopedic surgeon to support his claims that defendants "failed to meet the ADA process." Dkt. 37 at 4. Plaintiff alleges that the expert witness will assist the Court or jury in understanding the issue. Dkt. 37 at 8. In the

alternative, plaintiff argues that "the prison officials [should] pay the entire cost of the expert as [he is] indigent" or plaintiff pay the costs of his expert witness and counsel from any relief. Dkt. 37 at 8.

The in forma pauperis statute, 28 U.S.C. § 1915, does not provide for the payment of fees and expenses for witnesses, *see Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993), or for the waiver of such fees and expenses. *See Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997). However, Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion and the complexity of the matters to be determined and the need for neutral expert review. *See Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997). "Appointment [of expert witnesses] may be appropriate when 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue....' " *Levi v. Director of Corrections,* 2006 WL 845733 (E.D. Cal. March 31, 2006) (citing *Ledford v. Sullivan,* 105 F.3d 354, 358–59 (7th Cir. 1997). The Ninth Circuit has found that, while no funds have been provided by law to compensate an expert witness in civil rights cases, Rule 706(c)(2), "in an appropriate case, permits the court to apportion all the cost to one side." *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.), *vacated and remanded on other grounds,* 502 U.S. 903 (1991). "Otherwise, we are faced with an inflexible rule that would prevent the district court from appointing an expert witness whenever one of the parties in an action is indigent, even when the expert would significantly help the court." *Id.*

The issue in this case is whether defendants acted with deliberate indifference to plaintiff's serious medical needs when they determined that plaintiff did not need surgery or certain accommodations. The Court acknowledges that plaintiff's incarceration places additional barriers on litigating this matter, and plaintiff's ability to afford or acquire expert witness testimony should not prevent him from presenting a potentially meritorious case. *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1184 (E.D. Cal. 2011). Nevertheless, at this stage of litigation, where evidence is not yet being evaluated, the Court cannot yet determine whether the issues are so complex as to require the testimony of an expert. *See Estrada v. Rowe,* 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011) (finding that "until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact"). Accordingly, the Court denies plaintiff's motion for appointment of an expert witness (Dkt. 37) without prejudice to plaintiff renewing such motion, or the Court sua sponte considering such an appointment, at a later stage of litigation.

**B. Defendant Wentworth**

On June 13, 2019 the Court directed service of plaintiff's complaint. Dkt. 21. Waivers of service were due July 19, 2019. *See* docket entry dated June 13, 2019. To date, defendant Wentworth has not returned a waiver of service. *See* Dkt. Defense counsel has not appeared on behalf of defendant Wentworth. *See* Dkt. In his complaint, alleges that defendant Wentworth is a physician. Dkt. 19.

The court has no jurisdiction over defendant Wentworth until he or she has been properly served under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,

840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4(c)(2), the Court may order that personal service be made by a United States marshal. However, in this district, the marshals do not attempt personal service upon a defendant unless mail service is unavailing. *See* Local Rule 4(c).

If defendants are in possession of the last known business or residential address of defendant Wentworth, defendants are ordered to submit such address(es) to the Court **under seal on or before September 15, 2019.** so that the Clerk may attempt to effect service. This solution alleviates two concerns involving prisoner litigation: (1) the security risks inherent in providing prisoners with addresses of people formerly employed by the state; and (2) reducing the problems prisoners sometimes encounter when they are attempting to access information through the government. *Sellers v. United States*, 902 F.2d 598, 602-603 (7th Cir. 1990). Defendant Wentworth may also satisfy this order by filing a waiver and by having counsel enter a notice of appearance on his or her behalf. All service documents with said address(es) shall also be filed under seal.

**C. Conclusion**

For the above stated reasons, plaintiff's motion to appoint expert witness (Dkt. 37) is denied without prejudice. Defendants are directed to provide the last known address for defendant Wentworth under seal on or before September 15, 2019.

Dated this 21st day of August, 2019.

*[signature]*

J. Richard Creatura
United States Magistrate Judge