# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

William James Mathew Wallace II,

    Plaintiff,

v.

Department of Corrections of Washington et al.,

    Defendants.

CASE NO. 3:19-cv-05330-RJB-JRC

ORDER DENYING MOTION FOR APPOINTMENT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff's second motion for appointment of counsel. Dkt. 54.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court previously denied plaintiff's first motion for appointment of counsel because he failed to show any exceptional circumstances. Dkts. 33, 36. In plaintiff's second motion, he again states his imprisonment greatly limits his ability to litigate this case, he has been unable to retain his own attorney, and that the case is now proceeding to the discovery phase. Dkt. 54. Plaintiff alleges that he lacks knowledge of the proper procedures associated with responding to orders or motions. Dkt. 54 at 4. Plaintiff contends that his ability to investigate the facts will require extensive documentary discovery, depositions, conflicting evidence, and access to witnesses. Dkt. 54 at 5, 8. Plaintiff also contends that he has been transferred from Pierce County Jail to Los Angeles County Jail, which will make it difficult to argue his claims. *Id.* at 7.

However, plaintiff's second motion does not present the Court with any reason to change its prior conclusion that no exceptional circumstances exist which warrant the appointment of counsel in this case. While it may be true that the issues in this case will require significant research and investigation, that does not justify the appointment of counsel. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish

successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff's renewed request also fails to demonstrate that he is likely to succeed on the merits of his case. Plaintiff has demonstrated an ability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, plaintiff clearly articulated his claims in his amended complaint and various motions filed with the Court. *See* Dkts. 19, 20, 22, 33, 35, 37. Moreover, as the Court previously stated, "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." Dkt. 36 at 5 (citing *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009)).

Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's second motion to appoint counsel (Dkt. 54) is denied without prejudice.

Dated this 30th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge