UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

William James Mathew Wallace II,

Plaintiff,

v.

Department of Corrections of Washington et al.,

Defendants.

CASE NO. 3:19-cv-05330-RJB-JRC

ORDER DENYING MOTION FOR APPOINTMENT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff's third motion for appointment of counsel (Dkt. 61) and motion to transfer jurisdiction (Dkt. 64).

**A. Third Motion to Appoint Counsel (Dkt. 61)**

Plaintiff seeks the appointment of counsel for a third time in this case. Dkt. 61. Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court previously denied plaintiff's first and second motions for appointment of counsel because he failed to show any exceptional circumstances. Dkts. 33, 36, 54, 58. In plaintiff's third motion, he again states his imprisonment greatly limits his ability to litigate this case, and because his case has survived screening, there is a likelihood of success of the merits. Dkt. 61.

However, plaintiff's third motion does not present the Court with any reason to change its prior conclusion that no exceptional circumstances exist which warrant the appointment of counsel in this case. While it may be true that the issues in this case will require significant research and investigation, that does not justify the appointment of counsel. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

1 | Plaintiff's renewed request also fails to demonstrate that he is likely to succeed on the merits of
2 | his case. Plaintiff has demonstrated an ability to articulate the factual basis of his claims in a
3 | fashion understandable to the Court. For example, plaintiff clearly articulated his claims in his
4 | amended complaint and various motions filed with the Court. *See* Dkts. 19, 20, 22, 33, 35, 37,
5 | 54, 61, 64. Moreover, as the Court previously stated, "[p]laintiff's incarceration and limited
6 | access to legal materials are not exceptional factors constituting exceptional circumstances that
7 | warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many
8 | pro se litigants." Dkt. 36 at 5 (citing *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr.
9 | 24, 2009)).

Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's third motion to appoint counsel (Dkt. 61) is denied without prejudice.

**B.  Motion to Transfer Jurisdiction (Dkt. 64)**

Plaintiff moves for the Court to transfer this matter to the District of Oregon. Dkt. 64. Defendants filed a response, arguing that the District of Oregon is not the proper venue for this matter. Dkt. 65.

When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

ORDER DENYING MOTION FOR APPOINTMENT
COUNSEL - 3

1. Plaintiff's renewed request also fails to demonstrate that he is likely to succeed on the merits of his case. Plaintiff has demonstrated an ability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, plaintiff clearly articulated his claims in his amended complaint and various motions filed with the Court. *See* Dkts. 19, 20, 22, 33, 35, 37, 54, 61, 64. Moreover, as the Court previously stated, "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." Dkt. 36 at 5 (citing *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009)).

Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's third motion to appoint counsel (Dkt. 61) is denied without prejudice.

**B.  Motion to Transfer Jurisdiction (Dkt. 64)**

Plaintiff moves for the Court to transfer this matter to the District of Oregon. Dkt. 64. Defendants filed a response, arguing that the District of Oregon is not the proper venue for this matter. Dkt. 65.

When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from plaintiff's complaint that his claims arise out of actions occurring in the state of Washington at Washington Corrections Center and Airway Heights Corrections Center, and against several Washington State Department of Corrections employees. Dkt. 19. There are no allegations that any of the named defendants reside in Oregon or that any of the events giving rise to plaintiff's claims occurred in Oregon. *See* Dkt. 19. Therefore, the District of Oregon is not an appropriate venue. *See* 28 U.S.C. § 1391(b). Accordingly, the Court denies plaintiff's motion to transfer jurisdiction (Dkt. 64).

Dated this 16th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge