1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                AT TACOMA

10   WILLIAM JAMES MATHEW
     WALLACE II,
11                                          CASE NO. 3:19-cv-05330-RJB-JRC
                         Plaintiff,
12                                          ORDER
              v.
13
     FRANK LONGANO,
14
                         Defendants.
15

16         The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

17   States Magistrate Judge J. Richard Creatura. Presently pending before the Court are several

18   motions filed by both parties: (1) plaintiff's motion for additional time in seeking discovery (Dkt.

19   73); (2) defendants' motion for summary judgment (Dkt. 74); (3) plaintiff's motion for extension

20   of time to complete discovery (Dkt. 84); (4) plaintiff's motion for summary judgment (Dkt. 85);

21   and (5) plaintiff's fourth motion to appoint counsel (Dkt. 90).

22         After a review of the motions and the relevant record, plaintiff's requests for an extension

23   of discovery are denied (Dkts. 73, 84). Nevertheless, the Court grants plaintiff an extension to

24   file a response to defendants' motion for summary judgment on or before April 20, 2020.

Defendants may file a supplemental reply on or before May 1, 2020. Defendant's motion for summary judgment (Dkt. 74) and plaintiff's cross-motion for summary judgment (Dkt. 85) are re-noted for May 1, 2020. The Court denies plaintiff's fourth motion to appoint counsel (Dkt. 90) without prejudice.

### A. Motions for Extension of Discovery (Dkts. 73, 84)

Plaintiff moves for the extension of discovery to May 7, 2020 to prepare a response to defendants' motion for summary judgment. *See* Dkts. 73, 84. In his reply, plaintiff specifically states his own motion for summary judgment (Dkt. 85) was not intended to be a response to defendants' motion for summary judgment, but rather he seeks "judgment as a matter of law in his own favor." Dkt. 89 at 12. Defendants oppose both motions for the extension of discovery. Dkt. 86.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  However, Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to grant relief under Rule 56(d), the party opposing summary judgment must make " '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.' " *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir.

2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)).

Plaintiff has failed to meet requirements under Rule 56(d). Plaintiff has failed to provide any specific reasons that demonstrates why he was unable to complete discovery within the original deadline. Discovery in this case closed on December 12, 2019. Dkt. 46. Plaintiff claims that his transfer to a different facility impeded his ability to complete discovery. Dkt 46. However, he was not transferred until January 2020. Dkt. 87. Plaintiff did not file his motions until January 2020, almost a month after discovery had closed. Dkts. 73, 84. In addition, plaintiff has not demonstrated how additional discovery would allow him to "present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d); Dkts. 73, 84.

Based on the foregoing, the undersigned concludes plaintiff has not met the requirements of Rule 56(d) to permit further discovery prior to ruling on the summary judgment motions. Nevertheless, in light of plaintiff's January 2020 transfer, the Court finds an extension to respond to defendants' motion for summary judgment is appropriate to ensure that plaintiff has adequate time to receive his legal materials. Plaintiff's response to defendants' motion for summary judgment is now due on or before April 20, 2020. Defendants' supplemental reply, if any, is now due on or before May 1, 2020. The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 74) and plaintiff's cross-motion for summary judgment (Dkt. 85) for May 1, 2020.

### B. Fourth Motion to Appoint Counsel (Dkt. 90)

Plaintiff seeks the appointment of counsel for a fourth time in this case. Dkt. 90.

The Court previously denied plaintiff's first, second, and third, motions for appointment of counsel because he failed to show any exceptional circumstances. Dkts. 33, 36, 54, 58, 61, 66.

Plaintiff's fourth motion does not present the Court with any reason to change its prior conclusions that no exceptional circumstances exist which warrant the appointment of counsel in this case. Plaintiff's renewed request also fails to demonstrate that he is likely to succeed on the merits of his case.  Plaintiff has demonstrated an ability to articulate the factual basis of his claims in a fashion understandable to the Court.

Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's fourth motion to appoint counsel (Dkt. 90) is denied without prejudice. Plaintiff is advised any renewed motions to appoint counsel will not be considered by the Court absent a change in circumstances demonstrating exceptional circumstances exist which warrant the appointment of counsel.

Dated this 9th day of March, 2020.



J. Richard Creatura
United States Magistrate Judge